Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, Florida 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA MILLER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>LEADPOINT, INC., a Delaware corporation,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tamara Miller brings this Class Action Complaint and Demand for Jury Trial against Defendant Leadpoint, Inc., to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making unsolicited telemarketing calls and texts to consumers who registered their phone numbers with the National Do Not Call Registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by Defendant's actions. Plaintiff alleges as

follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Miller is a Florida resident.

2. Defendant Leadpoint is a Delaware corporation headquartered in Los Angeles, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and conducts business in California, including in this District, and the wrongful conduct leading to this case was directed by Defendant to the Plaintiff from this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about

robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

## PLAINTIFF'S ALLEGATIONS

9. Defendant Leadpoint sells leads to businesses.

10. Defendant Leadpoint makes telemarketing calls and texts to generate resaleable leads.

11. These include calls and texts to consumers whose numbers are registered with the DNC, who have never provided their phone number to Defendant, and who never consented to receive phone calls from the Defendant.

12. Plaintiff Miller's cellular phone number ending xxx-xxx-5895, is registered on the DNC since April 25, 2020.

13. Plaintiff uses her phone number for personal use only. It is not associated with a business.

14. In September and October, the Plaintiff began receiving unsolicited telemarketing calls and texts from the Defendant.

15. For example, on September 27, 2021, Plaintiff received a call from telephone number 360-302-7531.

16. The caller identified as being with FHA Mortgage. The Defendant operates a website fhafamily.com.

17. The caller then promoted mortgage loan products and Plaintiff indicated she was not interested before terminating the call.

18. Then on October 5, the Plaintiff received two text messages from telephone number 970-324-6843.

19. Both text messages identified a "review of your loan with UNITED WHOLESALE MORTGAGE," and provided the same link to a "report," https://tinyurl.com/3bu2ewbe.

20. When the link is click, it directs to a webpage that states:

> For a free quote. - fhafamily.com (HMA) is not a loan broker, lender, loan modification company or foreclosure prevention/counseling

company. HMA is not associated with or an affiliate of your current lender or servicer. This is not an offer by HMA to lend you money. Our goal is to provide an easy connection for homeowners seeking information on MORTGAGE eligibility with a private mortgage broker, company, or attorney who can assist you.

By entering your mobile number in form above you agree to receive marketing based text messages. Consent is not required for purchase. You may receive up to 5 messages per month. Standard text and data rates may apply.

21. Defendant operates the website fhafamily.com.

22. Plaintiff Miller never consented to receiving solicitation calls or texts from Defendant and did not have an existing business relationship with the Defendant.

23. The unauthorized telephone calls and texts made by Defendant, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

24. Seeking redress for these injuries, Plaintiff, on behalf of herself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., which prohibits unsolicited telemarketing calls and texts to phone numbers that are registered on the DNC.

# CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant, or an agent calling on behalf of Defendant, called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

26. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff MacDonald anticipates the need to amend the Class definitions following appropriate discovery.

27. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because she received

CLASS ACTION COMPLAINT
-6-

solicitations as part of the same telemarketing campaign resulting in telephone solicitations to other Class members.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant systematically sent, or caused to be sent, multiple calls and text messages to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to send the texts;

(b) whether the calls and text messages to Plaintiff and other consumers were sent for telemarketing purposes;

(c) whether the conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff. Plaintiff and her

counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the Class.

30. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

# FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

31.  Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint and incorporates them by reference herein.

32.  The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

33.  Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

34.  Defendant violated 47 C.F.R. § 64.1200(c) by causing to be initiated telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive

telephone solicitations that is maintained by the federal government.

35. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone solicitation in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

36. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

37. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of the Class, prays for the following relief:

a.) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing jer attorneys as Class Counsel;

b.) An award of damages and costs;

c.) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d.) An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e.) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Miller requests a jury trial.

Respectfully Submitted,

**TAMARA MILLER**, individually and on behalf of those similarly situated individuals

DATED this 11th day of April, 2022.

By: /s/ *Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
(305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*

CLASS ACTION COMPLAINT
-11-